N THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LETTIE DAWN BAKER                                                                                PLAINTIFF

vs.                                              Civil No. 4:11-cv-04010

MICHAEL J. ASTRUE                                                                              DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Lettie Dawn Baker ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.    **Background:**

Plaintiff filed her disability applications on January 14, 2008. (Tr. 15, 112-119). In her applications, Plaintiff alleged she was disabled due to Hepatitis C, back and shoulder problems, headaches/dizziness, and left arm problems. (Tr. 159). Specifically, Plaintiff stated the following

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

regarding her impairments: "With Hep C some days I am good and some days I am not good. I can't use my left arm, I can't do much bending because of my back. I have problems with my shoulder and kneck [neck]." (Tr. 159). Plaintiff alleged an onset date of July 1, 2006. (Tr. 15, 112, 117). This application was denied initially and again on reconsideration. (Tr. 69-72).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 86-88, 92-111). An administrative hearing was held on September 22, 2009 in Hot Springs, Arkansas. (Tr. 30-68). At the administrative hearing, Plaintiff was present and was represented by Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Dianne Smith testified at this hearing. *Id.* On the date of this hearing, Plaintiff was thirty-five (35) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had obtained her GED. (Tr. 37).

On January 8, 2010, subsequent to this hearing, the ALJ entered an unfavorable decision on Plaintiff's applications. (Tr. 15-24). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2011. (Tr. 17, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 1, 2006, her alleged onset date. (Tr. 17, Finding 2). The ALJ determined Plaintiff had the following severe impairments: left humerus fracture, status post operative; degenerative disc disease; depression; posttraumatic stress disorder; chronic polysubstance abuse, sustained full remission; borderline personality disorder; and hepatitis C. (Tr. 17, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 17-19, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.

(Tr. 19-22, Finding 5). First, the ALJ found Plaintiff's subjective allegations were not supported by the overall evidence and were not fully credible. *Id.* Second, the ALJ found Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform less than the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). Specifically, the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently; she can stand and walk for 6 hours in an 8 hour day; she can sit for 6 hours in an 8 hour day; she can occasionally climb, balance, stoop, kneel, crouch, or crawl; she can occasionally work overhead; and she is limited to unskilled work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote with few variables and little judgment, and the supervision required is simple, direct, and concrete.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 22-23, Finding 6). The VE testified at the administrative hearing regarding this issue. (Tr. 64-65). Based upon that testimony, the ALJ determined Plaintiff could not perform any of her PRW. The ALJ also evaluated whether Plaintiff could perform other work even with her limitations. (Tr. 23-24, Finding 10). The VE also testified at the administrative hearing on this issue. (Tr. 65-66). Based upon that testimony, the ALJ determined Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 23-24, Finding 10). Specifically, the ALJ determined Plaintiff would be able to perform representative occupations such as Marking Clerk with 9,000 jobs regionally and 250,000 jobs nationally; Packer with 20,000 jobs regionally and 550,000 jobs nationally; and Small Products Assembler with 150,000 jobs regionally and 1,800,000 jobs nationally. (Tr. 23). Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from July 1, 2006 (Plaintiff's alleged onset date) through January 8, 2010 (the date of his decision). (Tr. 24, Finding 11).

3

On February 22, 2010, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 9-10). *See* 20 C.F.R. § 404.968. On December 21, 2010, the Appeals Council declined to review this disability determination. (Tr. 1-4). On January 20, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on January 28, 2011. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 14-15. This case is now ready for decision.

2.     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160

4

F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.     **Discussion:**

In her appeal brief, Plaintiff raises two arguments for reversal: (A) the ALJ failed to evaluate her impairments in combination; and (B) the ALJ erred in his RFC determination. ECF No. 14 at 13-19. In response, Defendant argues the ALJ properly evaluated Plaintiff's impairments and properly

determined her RFC. ECF No. 15 at 1-11. This Court will address both Plaintiff's arguments for reversal.

### A.      Impairments in Combination

Plaintiff claims the ALJ erred by failing to evaluate the severity of her impairments in combination or as a "whole body impairment." ECF No. 14 at 13-15. Plaintiff claims she suffers from the following impairments which are disabling in combination: mood swings, anxiety, depression, suicidal thoughts, major depressive disorder, borderline personality disorder, post-traumatic stress disorder, difficulty with sustained concentration, panic attacks, psychosis, hallucinations, anxiety, migraine headaches, pyelonephritis or kidney infections, abdominal pain, recurrent fatigue, increased swelling, and acute Hepatitis C. *Id.*

As an initial matter, the mere fact Plaintiff has been diagnosed with several different impairments does not establish she is disabled. The ALJ is required to consider all of her impairments in combination to determine if she is disabled. *See* 20 C.F.R. § 404.1523 (2011). These diagnoses, however, do not necessarily establish she is disabled. *See, e.g., Jones v. Astrue,* 619 F.3d 963, 972 (8th Cir. 2010) (recognizing that a diagnosis does not *per se* establish a disability); *Pratt v. Astrue,* 372 F. App'x 681 (8th Cir. 2010) (holding plaintiff's diagnosis of fibromyalgia did not establish a disability).

Instead of merely evaluating the diagnoses, this Court should consider whether the ALJ properly considered Plaintiff's impairments in combination. In the present action, the ALJ stated Plaintiff did not have a "combination of impairments" that met the Listings. (Tr. 17, Finding 14). The ALJ also fully evaluated Plaintiff's medical records and referenced all of her alleged disabilities: "The claimant alleges disability beginning July 1, 2006 due to hepatitis C, back and shoulder pain, headaches, dizziness, left arm pain, and depression." (Tr. 19). The ALJ also referred to Plaintiff's

collective "impairments" and "symptoms." (Tr. 20).

Such statements in the ALJ's opinion demonstrate he properly considered Plaintiff's impairments in combination. *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as "the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments). Thus, pursuant to the Eighth Circuit's holding in *Hajek,* this Court finds the ALJ properly considered the Plaintiff's impairments in combination.

**B.     RFC Determination**

In her appeal brief, Plaintiff claims the ALJ's RFC determination is not supported by substantial evidence in the record. ECF No. 14 at 15-19. Based upon a review of the briefing, it appears Plaintiff actually makes two claims regarding this RFC determination: (1) the ALJ improperly disregarded the findings of her treating physician, Dr. Dale Goins, M.D.; and (2) the ALJ improperly evaluated her subjective complaints. *Id.* This Court will address both of those arguments.

**1.     Treating Physician's Opinions**

Plaintiff claims the ALJ improperly evaluated the findings of her treating physician, Dr. Goins. Dr. Goins noted the following regarding Plaintiff's ability to work with her impairments: "Lettie Baker is physically unable to perform gainful employment, due to chronic back pain. She is also diagnosed with Post Tramatic [Traumatic] Stress Disorder, chronic anxiety, and depression. She also has Hepatitis C. This disability is expected to last at least 12 months." (Tr. 509). Dr. Goins does not reference any medical records in support of this finding.

Upon review of the transcript in this case, the only treatment record where Dr. Goins actually examined Plaintiff is undated and references Plaintiff's need to refill her medications. (Tr. 430).

7

There do not appear to be any other treatment records from Dr. Goins which support his assessment, and Plaintiff has not provided any reference to any additional records included in the transcript. Based upon the record, because Dr. Goins's opinions are not "well-supported by medically acceptable clinical and laboratory diagnostic techniques," they are not entitled to controlling weight. *See* 20 C.F.R. § 404.1527(d)(2). Further, such a vague and conclusory opinion letter may discounted entirely because it is of limited evidentiary value. *See Piepgras v. Chater,* 76 F.3d 233, 236 (8th Cir. 1996) (holding that the treating physician's opinion was of "limited value due to its vagueness").

>In his opinion, the ALJ stated the following about Dr. Goins's findings:
>
>> . . . the medical findings submitted by this physician and otherwise documented in the record do not support a finding that the claimant's medical condition is disabling. As noted above, x-rays have shown only mild degenerative disc disease. He also confirms she is diagnosed with PTSD, anxiety and depression and has Hepatitis C. As noted above, other evidence shows she is not disabled from any of those impairments or the combination of those impairments. This treating physician appears to have taken the claimant's subjective allegations at face value in making this assertion, one which does not necessarily take into account the other factors which must be considered by the Administrative Law Judge, such as the other medical reports and opinions as well as the vocational factors involved.

(Tr. 22). Because the ALJ gave several valid reasons for discounting his opinions, this Court finds the ALJ properly considered and discounted these opinions. *See* 20 C.F.R. § 404.1527(d)(2) (requiring that "good reasons" be given in discounting a treating physician's opinions).

### 2.  *Polaski* Determination

Plaintiff claims the ALJ failed to perform a proper *Polaski* determination. ECF No. 14 at 16-19. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20

C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity.  *See Thomas v.*

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

*Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ found Plaintiff's subjective complaints were not entirely credible. In making this finding, the ALJ noted the following: (1) Plaintiff was able to perform several of her daily activities, including light housework, cooking, cleaning, washing clothes, and doing the dishes; (2) Plaintiff only had conservative treatment for her allegedly disabling back pain; (3) Plaintiff did not return for follow-up treatment with her orthopedic surgeon; and (4) Plaintiff's anxiety and depression were adequately controlled with medication. (Tr. 19-22). Based upon these findings, the ALJ's credibility determination is supported by good reasons and should be affirmed. *See Gregg v. Barnhart,* 354 F.3d 710, 714 (8th Cir. 2003) (holding "[i]f an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, we will normally defer to the ALJ's credibility determination.").

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 30th day of January, 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE